UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDI MAJOR,

        Plaintiff,

v.                                     CASE NO. 3:25-cv-1465-MMH-SJH

XTREME WINGS I, LLC,

        Defendant.

_____/

## **ORDER**

Plaintiff Major's Motion for Entry of Clerk's Default, Doc. 9, is **denied** for failure to comply with Local Rule 3.01(g) despite prior contact[1] with Defendant. *See United States v. Louisville*, No. 8:20-cv-559-T-33CPT, 2020 WL 10180591, at *2 (M.D. Fla. June 8, 2020) ("Given its prior communications with [a defendant], it was incumbent upon the [plaintiff] under Local Rule 3.01(g) to confer with him prior to filing its Application [for a clerk's default]."); *PNC Equip. Fin., LLC v. Taos Ventures, LLC*, No. 5:13-cv-529-Oc-PRL, 2014 WL 12625121, at *1 (M.D. Fla. Mar. 21, 2014) ("Although there are limited exceptions to Local Rule 3.01(g), there is no exception regarding a motion for default.").

---

[1] And not just any contact—Plaintiff had apparently agreed to an extension of time to respond to the Complaint. *See* Doc. 11, Ex. A. To be sure, and as a reminder to all parties, Defendant should have promptly sought relief from the Court and not relied solely on an agreement between counsel. *See, e.g.*, *Fam. Med. Pharmacy LLC v. Impax Lab'ys, Inc.*, No. 17-cv-53-WS-MU, 2017 WL 8294282, at *1 n.1 (S.D. Ala. Mar. 10, 2017). But default is not a prize for an unsanctioned game of gotcha. *E.g., Dimanche v. Jackson*, No. 6:22-cv-2073-CEM-DCI, 2024 WL 579202, at *1–2 (M.D. Fla. Feb. 13, 2024); *Nationstar Mortgage, LLC v. Jackson*, No. 3:23-cv-1404-HES-MCR, 2024 WL 6870057, at *1 (M.D. Fla. Feb. 1, 2024). And compliance with Local Rule 3.01(g), beyond being required, could almost certainly have preserved much time and ink.

Defendant's Unopposed Motion for Extension of Time to Respond to Complaint, Doc. 12, is **granted**. Defendant shall have up to and including **February 25, 2026**, to respond to the Complaint. Also by **February 25, 2026**, Defendant shall file a disclosure statement in accordance with Local Rule 3.03. Defendant shall ensure that future filings comply with the typography requirements of Local Rule 1.08.

**DONE AND ORDERED** in Jacksonville, Florida, on February 5, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record

2